# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JORDAN LOU JENSON, | |
| Plaintiff, | No. C25-3001-LTS |
| vs. | **ORDER** |
| WORTH COUNTY, IOWA, et. al, | |
| Defendants. | |

This matter is before me pursuant to plaintiff Jordan Jenson's pro se 42 U.S.C. § 1983 complaint (Doc. 1) and motion (Doc. 1-1) to proceed in forma pauperis. Jenson's complaint alleges defendants "ignored filings and [refused] to acknowledge lawful submissions" and "physically assaulted the plaintiff." Doc. 1-1 at 1-2.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Jenson, who is not incarcerated, did not submit the statutory filing fee but he did file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). Additionally, "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. In his motion to proceed in forma pauperis, Jenson alleges that his expenses exceed his income and that he has no savings. Thus, his motion

---

[1] The fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55 . . ..").

to proceed in forma pauperis will be granted. The Clerk's office will be directed to file the complaint (Doc. 1-1) without the payment of fees.

## II. INITIAL REVIEW STANDARD

Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). However, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. *See* § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Many courts, including this Court, rely on § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim.

Thus, in forma pauperis complaints must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under § 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under Section 1915(e)(2)). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts

2

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *see id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

A pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *see also Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir.1974) ("[b]road and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983"), *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("[m]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment"). Jenson's complaint does not contain *any* factual allegations; it is only legal conclusions such as defendants "assaulted" Jenson, "conspired" against Jenson and "violated Plaintiff's Fourteenth Amendment rights." Doc. 1-1 at 2. Thus, Jenson has failed to provide a short and plain statement of his claim.

Additionally, Jenson does not list any proper defendants. Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58,

3

Case 3:25-cv-03001-LTS-KEM    Document 2    Filed 01/13/25    Page 3 of 5

63 (1989).[2] *See also Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail,* 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). Jenson lists Worth County, the Iowa Department of Corrections and the Worth County Sheriff's Department as defendants. None of those defendants are persons within the meaning of § 1983. Thus, Jenson has failed to state a claim under § 1983 against any proper defendants.

## IV.     CONCLUSION

For the reasons set forth herein:

1. Jenson's motion (Doc. 1) to proceed in forma pauperis is **granted.** The Clerk's office is **directed** to docket the complaint (Doc. 1-1) without the payment of fees.

2. After conducting an initial review, Jenson's complaint (Doc. 1-1) is **dismissed** for the reasons set out above.

3. Jenson hand delivered his complaint to the Clerk's office and did not provide an address or any other means of contacting him. Thus, the Clerk's office is relieved from attempting to provide this order to Jenson until and unless he contacts the court and provides contact information.

---

[2] Municipalities may be found liable in a Section 1983 case under limited circumstances, under the rationale articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). The filing in this case does not make any *Monell* type claims.

**IT IS SO ORDERED** this 13th day of January, 2025.

                                          _____
                                          Leonard T. Strand
                                          United States District Judge