## IN THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF IOWA

**Jordan Lou Jenson, Plaintiff,**

vs.

**Worth County; Iowa Department of Corrections; and Worth County Sheriff's Department, Defendants.**

**Complaint for Violations of & Conspiracy Againt Constitutional Rights, Systemic Bias, & Assault**

## I. INTRODUCTION

This is a civil rights action under 42 U.S.C. §§ 1983 and 1985(3), seeking damages for systemic violations of due process, conspiracy against constitutional rights, and physical assault.

The Defendants—Worth County, the Iowa Department of Corrections (DOC), and the Worth County Sheriff's Department—engaged in coordinated, unlawful actions that deprived the Plaintiff of constitutional protections, causing severe financial, emotional, and physical harm.

Despite express forwarning of my preparedness for judicial overreach from previous experience, the court asserted the refusal of a fair trial. These actions reflect deliberate indifference, gross misconduct, eventual retaliation, and are now necessitating accountability and reparations.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under:
   a. **28 U.S.C. § 1331** (federal question jurisdiction).
   b. **28 U.S.C. § 1343** (civil rights violations).
2. Venue is proper under **28 U.S.C. § 1391(b)**, as the events giving rise to this complaint occurred in Worth County, Iowa.

## III. PARTIES

1. **Plaintiff**: Jordan Lou Jenson, a resident of Minnesota, proceeding pro se.
2. **Defendants**:
   a. **Worth County, Iowa**: Responsible for the administration of its judicial system.
   b. **Iowa Department of Corrections (DOC)**: Responsible for the actions of its officer.
   c. **Worth County Sheriff's Department**: Responsible for the conduct of its officers.

## IV. FACTUAL BACKGROUND

1. **Systemic Violations of Due Process**:
   a. Ignored filings and refusal to acknowledge lawful submissions.
   b. Procedural inconsistencies, incoherence, judicial bias, and systemic obstruction.

     c.  Coercion and assignment of unwanted legal representation, undermining Plaintiff's right to self-representation.

2. **Misconduct by the Iowa DOC**:
   a. Plaintiff's probation officer failed to fulfill obligations and committed perjury.
3. **Physical Assault by the Worth County Sheriff's Department**:
   a. Officers physically assaulted the Plaintiff, in retaliation of unlawful court orders.

These actions caused significant and ongoing harm, including but not limited to, financial losses, emotional distress, and physical injuries.

## V. CLAIMS FOR RELIEF

### Count I: Violation of Due Process (42 U.S.C. § 1983)

Defendants violated Plaintiff's Fourteenth Amendment rights by:

- Ignoring lawful filings.
- Engaging in coercion, collusion, procedural contradictions and bias.
- Coercing and unwanted legal representation, violating the Plaintiff's right to representation(s).

### Count II: Conspiracy Against Rights (42 U.S.C. § 1985(3))

Defendants conspired to deprive Plaintiff of constitutional rights through repeat coordinated actions, including but not limited to, perjury, procedural obstruction, and retaliation.

### Count III: Assault (State Law Claim)

The Worth County Sheriff's Department physically assaulted Plaintiff in retaliation for asserting constitutional rights, violating state law and further underscoring Defendants' coordinated misconduct.

## VI. DAMAGES

**Total Damages Sought**: $700 million.

**Categories**:

1. **Compensatory Damages**:
   a. **Physical and Emotional Distress**: $20 million.
   b. **Economic Losses**: $10 million.
2. **Punitive Damages**: $670 million.
   a. To punish Defendants and deter future misconduct.

**Settlement Offer**:

- $595 million if resolved by **Februray 1, 2025**, with full payment by **March 1, 2025**.

**Allocation**:

- **85% Punitive ($505.75 million)**: To address systemic failures.
- **15% Compensatory ($89.25 million)**: To compensate for tangible and emotional harm.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

### VII. RELIEF REQUESTED

1. Award compensatory damages in an amount sufficient to remedy Plaintiff's financial, emotional, and physical harm.
2. Award punitive damages to deter entities from engaging in similar misconduct.
3. Provide any additional relief deemed just and appropriate under the circumstances.

Respectfully submitted,

Pro Se Defendant

Jordan Lou Jenson