# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JORDAN LOU JENSON, | |
| Plaintiff, | No. C25-3001-LTS |
| vs. | **ORDER** |
| WORTH COUNTY, IOWA, et. al, | |
| Defendants. | |

This matter is before me pursuant to plaintiff Jordan Jenson's pro se filing (Doc. 10) that the Clerk's office filed as a motion to reconsider. Jenson submitted another document (Doc. 11) that the Clerk's office filed as a supplement to the motion to reconsider.

Jenson originally filed a motion to proceed in forma pauperis (Doc.1) and a pro se 42 U.S.C. § 1983 complaint (Doc. 1-1) on January 7, 2025. On January 13, 2025, I granted Jenson's motion to proceed in forma pauperis, but dismissed his complaint, stating:

> Jenson's complaint does not contain *any* factual allegations; it is only legal conclusions such as defendants "assaulted" Jenson, "conspired" against Jenson and "violated Plaintiff's Fourteenth Amendment rights." Doc. 1-1 at 2. Thus, Jenson has failed to provide a short and plain statement of his claim. Additionally, Jenson does not list any proper defendants. Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[1] …

---

[1] Municipalities may be found liable in a Section 1983 case under limited circumstances, under the rationale articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). The filings in this case do not make any *Monell* type claims.

> Jenson lists Worth County, the Iowa Department of Corrections and the Worth County Sheriff's Department as defendants. None of those defendants are persons within the meaning of § 1983. Thus, Jenson has failed to state a claim under § 1983 against any proper defendants.

Doc. 2 at 3-4.

Neither of Jenson's filings attempt to correct, or even really acknowledge, the reasons upon which his complaint was dismissed. Rather, in his new filing, Jenson makes claims against "Iowa State Trooper," "Magistrate," "First Court-Appointed Attorney," "Probation Officer," "Prosecutor," "Second Court-Appointed Defense Counsel," "Presiding Judge" and "Worth County Clerk of Court." None of those individuals are named; nor are they added as defendants. And, because the original complaint was devoid of any substantive allegations, it is impossible to determine if the claims being made against them are similar to those in his original complaint. For these reasons, Jenson's motion (Doc. 10) to reconsider is **denied**.[2]

**IT IS SO ORDERED** this 5th day of February, 2025.

_____
Leonard T. Strand
United States District Judge

---

[2] If Jenson wishes to bring a new case against the individuals alluded to in the motion to reconsider, he can request a standard 42 U.S.C. § 1983 form from the Clerk's office, and he should use that form to file his new case. If Jenson disagrees with the court's judgment in this case, he should file a notice of appeal.